IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DENNIS C. EKSTROM,<br><br>Debtor. | Chapter 11<br><br>Case No. 2-08-07750-SSC<br><br>(Not for Publication- Electronic Docketing ONLY)<br><br>MEMORANDUM DECISION RE: OSBORN MALEDON FEE APPLICATION |

## I. INTRODUCTION

On February 18, 2009, Osborn Maledon, P.A. ("Osborn Maledon") filed its "First Application for Approval and Payment of Compensation and for Reimbursement of Expenses to Osborn Maledon, P.A., Counsel for Debtor" ("Application"). It was appropriately noticed to all creditors and interested parties, with FL Receivables Trust 2002-A ("FL Receivables") interposing the only objection to the relief requested. The Court conducted a hearing on the Application and the Objection thereto. Mr. Cross, on behalf of the firm, requested that he be able to file a declaration in support of the Application. Mr. Taylor, on behalf of FL Receivables, did not request to present any evidence in the matter. The parties agreed that after the submission of Mr. Cross' declaration, the matter would be deemed submitted. Mr. Cross filed a declaration on March 30, 2009 and an amended declaration on March 31, 2009 (together "Declaration"). As of March 31, 2009, the date the last Declaration was filed with the Court, this matter was deemed under advisement.

1

1    In this Memorandum Decision, the Court has set forth its findings of fact and
conclusions of law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure. The issues
addressed herein constitute a core proceeding over which this Court has jurisdiction. 28 U.S.C.
§§ 1334(b) and 157(b) (West 2008).

## II. DISCUSSION

Consistent with the Local Rules of this Court, Osborn Maledon has submitted a detailed Application to this Court, outlining the tasks that were performed for the Debtor and the expenses that should be reimbursed. The Declaration also sets forth the years of experience of Mr. Cross in the bankruptcy field; the extent, quality, and nature of the services rendered; the reasonableness of the fees requested and the actual expenses incurred; and Mr. Cross' reduction of the fees and expenses to be received by Osborn Maledon. The Court has also independently reviewed the Application. Bankruptcy courts must examine the circumstances and manner in which services were performed and the results achieved in order to arrive at a determination of a reasonable fee allowance. In re Kile, 345 B.R. 182 (Bankr.D.Ariz. 2004); In re Crown Oil, Inc., 257 B.R. 531, 541 (Bankr. D.Mont. 2000), *citing* In re Mednet, 251 B.R. 103 (9th Cir. BAP 2000).

In the Objection, FL Receivables has interposed a number of objections to the relief requested. The Court shall discuss the objections seriatim.

### A. Asset disposition

On September 24, 26, and 29, Osborn Maledon worked on an opinion letter concerning a loan for a non-debtor entity, of which the Debtor is a minority owner, and a meeting with a mortgage lender on the Debtor's hotel property in Lava Springs, Idaho. Mr. Cross replies in his Declaration that both matters pertained to an attempt to obtain funds by Mr. Ekstrom to fund his plan of reorganization. Mr. Ekstrom, as the Debtor, would need to analyze any potential assets to provide a funding source for his plan. Thus, if Mr. Ekstrom were able to obtain a loan for a non-debtor from which he could benefit, or if he were able to obtain another

2

loan on property that he owns, that additional funding would inure to the benefit of Mr. Ekstrom's creditors. From the Court's standpoint, a sufficient connection has been shown to this bankruptcy estate to approve the services provided by Osborn Maledon on the matter.

### B.  Business Operations

On October 1, 2008, Osborn Maledon undertook certain services pertaining to the Debtor's "business operations." These services are related to the loans that Mr. Ekstrom was attempting to obtain to fund his plan of reorganization. Since the Court has approved the concept of obtaining additional financing, the Court concludes that the performance of services in furtherance of that goal, even if labeled "business operations" is also appropriate.

### C.  Case Administration

For the reasons set forth above, since the Court has approved Mr. Ekstrom's pursuit of funding for his plan of reorganization, the incurrence of fees in case administration to obtain an opinion letter is also appropriate.

Although the Court denied Mr. Ekstrom's request for a temporary restraining order, the Debtor was entitled to request the relief from the Court. The Debtor and his estate would have benefitted if the Court had concluded that the funds, including credit card receipts of non-debtor related entities, could not be garnished by FL Receivables. The preservation of those funds by the Debtor was to protect potential funding for his estate. A denial of a matter before the Court does not require the Court to deny all compensation requested therewith. In re Kile, 345 B.R 182 (Bankr. D. Ariz. 2004); In re Crown Oil, Inc., 257 B.R. 531, 541 (Bankr. D. Mont. 2000)(Counsel is not expected to succeed in everything undertaken on behalf of the client). On this record, the Court concludes that there was a sufficient connection with the Debtor's estate, and the potential benefit to that estate great enough, that even though the relief was denied, it was appropriate and reasonable for Osborn Maledon to pursue the relief. It should be compensated for the services rendered.

3

### D. Claims Administration and Objections

On September 22, 2008, Osborn Maledon provided services concerning the secured claim of Ireland Bank. However, as previously noted, the Debtor intended to obtain a loan for certain property in Idaho as a possible funding source. Moreover, the related time entry of September 24, 2008, makes it clear that counsel was concerned that the Ireland Bank may have been asserting a claim against the Debtor's estate which needed to be reviewed by the firm. As such, the time entries are related to the Debtor's estate, are reasonable, and should be allowed. FL Receivables also questions a time entry from November 7, 2008 wherein Mr. Cross contemplated an equitable subordination claim against the creditor. Again, given the problems associated with the garnishment of funds of related companies owned or controlled, in part, by the Debtor, it was not unreasonable for his counsel to contemplate whether further claims should be asserted against FL Receivables. The Court approves the compensation requested by Debtor's counsel on this issue.

### E. General Litigation

FL Receivables continues to question any litigation commenced by the Debtor to recover the assets of entities which the Debtor owned and controlled in part. As noted previously, the Debtor requested a temporary restraining order to stop FL Receivables' garnishment of the credit card receipts being obtained by the non-debtor entities. Although the Court denied the relief requested by the Debtor, the Court did not find the relief sanctionable or otherwise inappropriate. As noted previously, a denial of relief requested by a party does not mean that the fees and costs of counsel will be denied. Obviously such a finding would chill the ability of any counsel to represent his or her client. Although FL Receivables may not have liked the litigation commenced against it, the Court sees no basis to deny the compensation requested for the Debtor's pursuit of additional funds for his estate.

### F. Plan and Disclosure Statement

4

1         The Court has carefully reviewed these entries and has concerns about the
tremendous amount of time expended by Mr. Stapleton, which appears to more related to his
understanding of how an individual debtor proceeds in a Chapter 11 proceeding given the
changes to BAPCPA. Although the Court understands the general need to stay abreast of
changes under the Bankruptcy Code, the estate should not bear that burden at the rate of $335
per hour. In re Spanjer Bros., Inc., 191 B.R. 738 (Bankr. N.D. Ill 1996)(Fees disallowed for
research on basic bankruptcy concepts); In re Sirefco Inc., 144 B.R. 495 (Banrk.D.Mont.
1992)(Fee reduced when research benefitted the attorney's knowledge base, as well as
benefitting client). Certain entries were also so general in nature that the Court was concerned
that counsel was not focusing on the strategy of how to propose a confirmable plan, but more on
the "how-to" or learning experience nature of the work proposed that should not have been billed
to this particular estate. Based upon the foregoing, the Court will disallow the entry of July 2,
2008, in the amount of 1.70 hours for research regarding the requirements of an individual in a
Chapter 11 proceeding, a similar entry on July 3, 2008 for 1.80 hours, research of 1.20 hours
regarding the classification of the FL Receivables claim on July 18, 2008, the less detailed
entries of "work on plan and disclosure statement" from July 23, 2008 and July 24, 2008 in the
amount of 4.30 hours and 3.20 hours, respectively, further work on the plan and disclosure
statement on August 5, 6, 7, and 9, in the amount of 1.70 hours, 1.10 hours, .70 hours, and 3.40
hours, respectively.

Summary of Disallowed Time of Mr. Stapleton

| Dates | Time Expended | Hourly Rate |
|---|---|---|
| 7/2/08 | 1.70 hours | $335/hour |
| 7/3/08 | 1.80 hours | $335/hour |
| 7/18/08 | 1.20 hours | $335/hour |
| 7/23/08 | 4.30 hours | $335/hour |

5

| | | |
|---|---|---|
| 7/24/08 | 3.20 hours | $335/hour |
| 8/5/08 | 1.70 hours | $335/hour |
| 8/6/08 | 1.10 hours | $335/hour |
| 8/7/08 | 0 .70 hours | $335/hour |
| 8/9/08 | 3.40 hours | $335/hour |
| Total | 19.10 hours | $6,398.50 |

The total amount of disallowed hours is 19.10, resulting in a reduction in fees in the amount of $6,398.50.

### G. Additional Reductions

Mr. Cross also independently reviewed the Application of his firm. He independently agrees that 3 hours of paralegal time should be deleted from the category of "Employment and Fee Application." The Court agrees, and the fees are reduced by the amount of $495. Mr. Cross also states that another paralegal expended 14 hours in the preparation of the Application which he also finds unreasonable. The Court agrees, resulting in an additional reduction in fees of $1,750. These reductions for excess time are in the aggregate amount of $2,245.00.

Mr. Cross also states that certain expenses, in the nature of overhead, were charged to this Debtor irrespective of this Court's employment order. The reduction in expenses is in the amount of $284.56. In re Dimas, LLC, 357 B.R. 563 (Bankr.N.D.Cal 2006) (Overhead expenses are not reimburseable); In re Computer Learning Centers, Inc., 285 B.R 191 (Bankr. E.D.Va. 2002).

### III. CONCLUSION

Based upon the foregoing, the Court has reduced the legal fees and costs requested by Osborn Maledon. This includes $6,398.50 of disallowed fees incurred by Mr. Stapleton, $2,245 of disallowed fees incurred by certain paralegals, and $284.56 in non-

6

reimburseable expenses. Accordingly, the Court shall approve legal fees in the reduced amount of $74,369.00, and expenses in the reduced amount of $1,232.91.[1] Osborn Maledon may utilize the retainer in the amount of $46,680.10 to set off against these legal fees and costs which are approved by the Court on an interim basis. Osborn Maledon may also pay the balance of the reduced fees and expenses due and owing to it provided that payment will not prejudice claimants of equal or higher priority. The objection of FL Receivables is sustained, in part, and overruled, in part. Osborn Maledon is directed to submit a form of order which is consistent with this decision.

DATED this 13th day of May, 2009.

*[signature]*

Honorable Sarah Sharer Curley
United States Bankruptcy Judge

---

**1.** Osborn Maledon requested $83,012.50 in fees and expenses of $1,517.47 in the Application. $83,012.50 minus $6,398.50 minus $2,245.00 equals $74,369.00. $1,517.47 minus $284.56 equals $1232.91.

7