1

2

3

4

5                    IN THE UNITED STATES BANKRUPTCY COURT

6                        FOR THE DISTRICT OF ARIZONA

7

8                                          | Chapter 11

9   In re DENNIS EKSTROM,                  | Case No. 08-07750-SSC

10                                         | (Not for Publication- Electronic Docketing
                                            | ONLY)
11
                                            | MEMORANDUM DECISION RE OSBORN
12                                         | MALEDON'S SECOND APPLICATION
                                            | FOR APPROVAL AND PAYMENT OF
13                          Debtor.        | ATTORNEYS' FEES AND FOR
                                            | REIMBURSEMENT OF EXPENSES AS
14                                         | COUNSEL FOR THE DEBTOR

15

16                        I. PRELIMINARY STATEMENT

17           On November 2, 2009, Osborn Maledon filed its "Second Application for

18   Approval and Payment of Compensation and for Reimbursement of Expenses" ("Second

19   Application") requesting compensation for fees in the amount of $133,639.00 and

20   reimbursement for expenses in the amount of $7,172.71.   It was appropriately noticed to all

21   creditors and interested parties, with FL Receivables Trust 2002-A (FL Receivables) interposing

22   the only objection to the relief requested.  Osborn Maledon filed its reply to the Objection on

23   January 8, 2010. The Court conducted a hearing on the Second Application and the Objection

24   thereto on January 12, 2010.  The appearances are as noted of record.  FL Receivables did not

25   request an evidentiary hearing on the matter.  The parties agreed that the matter should be

26   submitted to the Court for a decision.  The Court has jurisdiction over this matter, and this is a

27

28                                          1

core proceeding. 28 U.S.C. §§1334 and 157 (West 2009). To the extent necessary, the Court has set forth its findings of fact and conclusions of law. Federal Rule of Bankruptcy Procedure 7052.

## II. DISCUSSION

Consistent with the Local Rules of this Court, Osborn Maledon has submitted a detailed Second Application to this Court, outlining the tasks that were performed for the Debtor and the expenses that should be reimbursed. The Court has also independently reviewed the Application.

In the Objection, FL Receivables states that Osborn Maledon has provided little benefit to the estate, and the fees of Debtor's counsel should be reduced by the amount of $58,428.50. Osborn Maledon, in its Reply, challenges whether FL Receivables is proceeding in good faith. Hereinafter the Court shall address the issues presented by the parties.

### A. Case Administration

FL Receivables has outlined a time entry in this category which pertains to 1.7 hours expended by Osborn Maledon in preparing a response to the objection of FL Receivables' motion to dismiss. The Court has reviewed the reply of Osborn Maledon and notes that the firm has not responded to the objection. The Court agrees, that upon this record, there is no basis for the Debtor's Firm to be addressing or preparing a response for the principals of QK, Inc. The entries dated 2/04/09, 1.1 hours, and 2/04/09, .6 hours by Ms. Kingsley, in the amount of $289 in fees are disallowed in their entirety.

### B. Claims Administration and Objections

FL Receivables is concerned with the sum of $3,232 that has been expended by Osborn Maledon to determine whether the Debtor has a basis to subordinate the claim of FL Receivables to the claims of other creditors. FL Receivables summarily claims that this estate

2

"should not have to pay for research into claims that were nonexistent from the outset."[1]

Unfortunately Osborn Maledon would also be committing malpractice if it did not investigate the claim of such a substantial general unsecured creditor of this estate. From the Court's standpoint, the prepetition activities of FL Receivables to garnish or attach funds of the Oklahoma restaurants in which the Debtor held an interest, and at least the acrimony that existed between the parties in the Oklahoma litigation necessitated that Debtor's Arizona counsel at least review and consider what steps, if any, the Debtor should take concerning the claim of FL Receivables. The Court overrules the objection as to the five time entries, in the amount of $3,232, concerning FL Receivables.

FL Receivables challenges the efforts by Osborn Maledon to enter into, and seek this Court's approval, of the Stipulation with Ireland Bank. Ultimately this Court has concluded in the Memorandum Decision, dated March 23, 2010, that Ireland Bank is not a secured creditor of this Debtor. Although the Court appreciates the efforts of the Debtor's firm in this area, the legal basis for such a stipulation is questionable, but not sanctionable. From the Court's standpoint, it is hard to justify the estate paying for time expended on the Ireland Bank matter once Osborn Maledon had done an initial analysis of the claim. Why enter into a stipulation with a creditor that has been found to have a general unsecured claim? The Court shall disallow, in their entirety, the entries dated 5/14/09, .8 hours, 5/15/09, 1 hour, for Ms. Kingsley; 5/19/09, 1.6 hours, 5/19/09, 1.2 hours, and 5/20/09, 1.4 hours for Mr. Stapleton, in the aggregate amount of $1.754.50. The Court also agrees that there is no reason for the Debtor's firm to interpose a response to the objection of FL Receivables to the claim of Ireland Bank. Since the Bank has been represented by counsel, the Court sees no basis for Osborn Maledon to be involved in the process. The Court will disallow the fees of $414 of Mr. Stapleton for the entries on 9/02/09 of .9 and .3 hours.

---

**1.** Objection to Second Application for Approval and Payment of Compensation and for Reimbursement of Expenses, Docket Entry No. 241, at 3, lines 12-13.

3

1    C.  <u>General Litigation</u>

2          FL Receivables objects to the fees in the amount of $8,593 that Osborn Maledon

3    incurred in researching potential claims and preparing a draft complaint of the Debtor against FL

4    Receivables.  Although FL Receivables believes the firm should receive no compensation for the

5    services rendered, this Court disagrees.  As noted above, Osborn Maledon appropriately

6    reviewed the prepetition activities of FL Receivables.  It is entirely possible that the complaint

7    was prepared as a way to refine the allegations against FL Receivables in an effort to settle with

8    the creditor and end the litigation between the parties in this case.  From the Court's standpoint,

9    setting up a draft complaint was prudent in light of this contested case.  The fees requested shall

10   be allowed in their entirety, and the objection of FL Receivables, on this point, shall be

11   overruled.

12         D.  <u>Plan and Disclosure Statement</u>

13         FL Receivables primarily focuses on the services performed by Osborn Maledon

14   for the preparation of the plan and disclosure statement for the disallowance of fees.  The

15   creditor argues that this Court should disallow $51,153 in fees requested by Osborn Maledon.

16   Rather than identify the nature of the objection to any specific entry, FL Receivables focuses on

17   a plan, as amended, that is patently unconfirmable from the creditor's perspective.  The Debtor

18   placed Ireland Bank and QK, Inc. into separate classes from FL Receivables, and pursued

19   confirmation of the plan, as amended, over a period of 10 months.  From the Court's standpoint,

20   there is a different way to view the facts.  First, although the Court has concluded that Ireland

21   Bank is not a secured creditor of the Debtor, and its vote in favor of confirmation must be

22   disallowed, the claim of QK, Inc. is secured by collateral.  The Court has placed a value of

23   $10,000 on the collateral held by QK, Inc.  The Debtor presented sufficient evidence for this

24   Court to place QK, Inc., in a separate class as an allowed secured claim.  As such, it is entitled to

25   vote on the  confirmation of the Debtor's plan, in a separate class from FL Receivables, which

26   was correctly placed in the class of general unsecured creditors.

27

28                                        4

1   FL Receivables also argues that the Debtor engaged in gerrymandering, which

2   should somehow require that his counsel receive little or no compensation for their efforts.  From

3   this Court's standpoint, the Debtor was able, albeit over a 10-month period of time, to garner the

4   support of the vast majority of its creditors, including the Internal Revenue Service, the Arizona

5   Department of Revenue, and the Oklahoma Tax Commission.  That Osborn Maledon was able to

6   assist the Debtor in the favorable resolution of such sizeable tax claims is a testament as to why

7   the firm should be compensated.  The Court has reviewed the entries of Osborn Maledon, and

8   concludes that the overall compensation requested is reasonable, that the hourly rates are

9   reasonable, and the time expended on the various matters is reasonable given the many

10  settlements that the Debtor required and the contested nature of the proceedings.  The Court

11  overrules the objection of FL Receivables, in its entirety, as to this point.

12

13                                   III. CONCLUSION

14          Having reviewed the Second Fee Application of Osborn Maledon, the objection

15  thereto, and the firm's reply, the Court concludes that Osborn Maledon has rendered services to

16  the Debtor that are of benefit to the estate, that the overall compensation requested is generally

17  reasonable, the hourly rates are reasonable, and the time expended on the various matters is

18  reasonable given the facts of this case.  The Court has reduced the compensation requested by

19  the amount of $289, $1,754.50, and $414, for the aggregate amount of $2,457.50, as reflected

20  above.  Based upon the foregoing, Osborn Maledon is entitled to attorneys' fees in the amount of

21  $131,181.50, and costs in the amount of $7,172.71.

22

23          DATED this 23rd day of March, 2010.

24

25          _Smrh/Narenley_

26          Honorable Sarah Sharer Curley
            United States Bankruptcy Judge

27

28                                        5